IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CECELIA P. SHORTER,                          Case No. 3:12 CV 19

                            Plaintiff,        MEMORANDUM OPINION

        -vs-

MORGAN PROPERTIES,

                            Defendant.

KATZ, J.

*Pro se* Plaintiff Cecelia P. Shorter filed the above-captioned action under 42 U.S.C. § 1983 against Morgan Properties.  In the Complaint, Plaintiff contests state court judgments rendered by the Toldeo Municipal Court.  She seeks reversal of the judgments, a new hearing on the issues, and judgment from this Court in her favor.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*.  That Application is granted.

**I.  Background**

Plaintiff and LaDonna G. Shorter entered into a residential lease in 2005 with Morgan Properties for apartment 3102 in the Kenwood Apartments in Toledo, Ohio.  The lease was automatically renewed annually.

In May 2009, Plaintiff notified the apartment caretaker that there were bedbugs in the rental

unit. She contends Morgan Properties did not attempt to exterminate the bedbugs until August 2009. The landlord contended he hired an exterminator when Plaintiff reported the problem, but she did not cooperate with the exterminator by preparing her apartment as instructed. This prevented the exterminator from performing the service until August 2009.

Plaintiff did not pay rent for June, July, or August 2009. She attempted to place her rent into escrow with the court in June 2009, but the rent was released in July because Plaintiff failed to follow all of the required procedures. Morgan Properties instituted an action in eviction and an action to recover money owed on account. Plaintiff disputed owing unpaid rent, claiming Morgan Properties breached the lease by failing to abate the bedbug infestation. Judgment was granted to return possession of the apartment to Morgan Properties on September 8, 2009. The Court, however, found in favor of the Plaintiff on her counterclaim for wrongful withholding of her security deposit. Judgment was issued in favor of Plaintiff in the amount of $1,600. Plaintiff claims Morgan Properties refuses to comply with the order. She filed a Motion to hold them in contempt of Court on March 14, 2012. That Motion is still pending in the Toledo Municipal Court.

On October 8, 2010, the Toledo Municipal Court rendered judgment in favor of Morgan Properties in the amount of $1464.50 plus interest and court costs for unpaid rent. Plaintiff appealed this judgment to the Ohio Sixth District Court of Appeals but the judgment of the trial court was affirmed on August 19, 2011.

Plaintiff now files this action in federal court contesting these state court judgments. She contends Morgan Properties breached the lease by failing to exterminate the bedbugs in a timely manner. She claims the Toledo Municipal Court erred by denying her request fo amend her counterclaim to include code violations. She disputes owing rent to Morgan Properties and claims

-2-

she was denied the right to be heard on her Motions. She asserts violation of her First, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, and includes claims under 42 U.S.C. § 1985. She seeks relief from the Toledo Municipal Court judgments and asks that the judgment liens against her be removed.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Discussion

### A. Rooker Feldman Doctrine

To the extent Plaintiff requests that this Court reverse the state court judgments, relief cannot be granted. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

-4-

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis.  First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding.  *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment."  *Catz*, 142 F.3d at 293.  The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself.  *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006).  Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action.  *Id.*

In the present action, Plaintiff's claims directly attack the state court's judgments against her.  All of the allegations in Complaint concern specific grievances that the law was incorrectly applied to her case, and are clearly predicated on her belief that the state court was mistaken in rendering its decisions against her.  Furthermore, she requests as relief that the state court judgments be vacated.  Any review of the constitutional claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings against her.  This Court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested.  *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

**B.  *Res Judicata***

To the extent Plaintiff seeks to litigate these issues again in this Federal Court in the hope of obtaining a different result, she cannot proceed. Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir.2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir.2006) ("Well-settled law directs federal courts to give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). To determine whether to give preclusive effect to a state court judgment, the federal court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81 (1984). As an Ohio state court granted default judgment in CACH's favor, this Court must look to Ohio law regarding *res judicata*.

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392, 899 N.E.2d 975, 981 (2008). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id.*

Here, issue preclusion bars relitigation of the claims in this Complaint. The parties, or their privies, are the same here as in the state court actions, and this case arises out of the same transaction

-6-

that gave rise to the state court cases.  The state courts have already decided that Plaintiff's attempt to place rent in escrow was procedurally flawed, that she owed back rent, the she did not cooperate with the extermination, and that her security deposit was wrongfully withheld.  This Court must give full faith and credit to those determinations.  Plaintiff cannot litigate this matter for a second time in this Court.

**IV.  Conclusion**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e).  Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ David A. Katz

_____

DAVID A. KATZ
U.S. DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a) provides, in pertinent part:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.